UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

**CHAMBERS OF**
**CHARLES D. AUSTIN**
**UNITED STATES MAGISTRATE JUDGE**

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov

December 1, 2023

LETTER TO ALL COUNSEL OF RECORD

Re:   *Alonna A. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
      Civil No. 22-3115-CDA

Dear Counsel:

On December 2, 2022, Plaintiff Alonna A. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny her claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). I have considered the record in this case (ECF 8) and the parties' briefs (ECFs 11, 16, 19). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will REVERSE the Commissioner's decision and REMAND the case to the Commissioner for further consideration. This letter explains why.

I.   **PROCEDURAL BACKGROUND**

Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") on July 14, 2020, alleging a disability onset of May 8, 2020. Tr. 183–84. Plaintiff's claim was denied initially and on reconsideration. Tr. 95–98, 105–09. On April 5, 2022, an Administrative Law Judge ("ALJ") held a hearing. Tr. 40–69. Following the hearing, on April 20, 2022, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[1] during the relevant time frame. Tr. 13–35. The Appeals Council denied Plaintiff's request for review, Tr. 1–7, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

II.  **THE ALJ'S DECISION**

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. § 404.1520. "Under this process, an ALJ

---

[1] 42 U.S.C. §§ 301 et seq.

evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff "has not engaged insubstantial gainful activity since May 8, 2020, the alleged onset date." Tr. 18. At step two, the ALJ found that Plaintiff suffered from severe "complex regional pain syndrome, type I (hereinafter CRPS), neuropathic pain of the right upper extremity, . . . neuropathic pain of the right lower extremity, obesity, a mental impairment variously diagnosed as anxiety, stress at work, depressive disorder, major depressive disorder[,] generalized anxiety disorder, musculoskeletal conditions variously diagnosed as lumbar spine radicular pain, right knee pain and cervical radiculopathy[,] and chronic pain disorder." *Id*. The ALJ also determined that Plaintiff suffered from a non-severe "allergic reaction to food" as well as non-severe "polycystic ovarian disease, seasonal allergies, and tinea corporis." Tr. 19. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 19. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) except [she can] occasionally lift and/or carry 20 pounds, frequently lift and/or carry 10 pounds, stand and/or walk about 6 hours in an 8-hour workday, sit for a total of about 6 hours in an 8-hour workday, frequently reach in all directions (including overhead) and handle with the dominant right upper extremity, occasionally push and/or pull (including operation of hand controls) and finger with the dominant right upper extremity, occasionally climb ramps and stairs, balance, stoop, kneel, crouch and crawl, and never climb ladders, ropes, and scaffolds. She must avoid concentrated exposure to extreme cold and vibration, and all exposure to hazards (machinery, heights, etc.). She requires the ability to alternate between sitting and standing about every 30 minutes. She is limited to performing simple 1-4 step, routine, repetitive tasks in a low stress work environment, defined as requiring only occasional decision making and occasional changes in the work setting, and which would not require a fast pace or production quotas such as would customarily be found on an assembly line.

Tr. 22. The ALJ did not determine whether Plaintiff could perform past relevant work, but the ALJ found that Plaintiff could perform other jobs that existed in significant numbers in the national economy. Tr. 30. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 31.

### III.     LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached by applying the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the

*Alonna A. v. Kijakazi*
Civil No. 22-3115-CDA
December 1, 2023
Page 3

[ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive[.]" 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id*. In conducting the "substantial evidence" inquiry, the Court's review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

### IV.     ANALYSIS

On appeal, Plaintiff argues that the RFC lacks the support of substantial evidence for three reasons. ECF 11, at 9–21. First, Plaintiff contends that the ALJ erroneously evaluated the effects and limitations posed by Plaintiff's complex regional pain syndrome ("CRPS") in assessing the RFC. *Id.* at 11–19. Second, Plaintiff avers that the ALJ failed to consider evidence of pain resulting from standing, walking, sitting, driving, and lifting. *Id*. at 19. Third, Plaintiff maintains that certain evidence "directly counters Plaintiff's ability to" lift, carry, sit, stand, and walk "at the light level of work." *Id*. at 19–20.

Defendant counters that the ALJ properly evaluated Plaintiff's CRPS in accordance with Social Security Ruling ("SSR") 03-2P. ECF 16, at 5–10, 12–16. Defendant further avers that the ALJ did not discount Plaintiff's allegations of pain but properly considered them in conjunction with other evidence in crafting the RFC. *Id.* at 10. Lastly, Defendant argues that the ALJ properly relied upon several medical opinions in determining that Plaintiff could perform light work with certain limitations. *Id.* at 11.

For the reasons explained below, the Court agrees with Plaintiff that the RFC lacks the support of substantial evidence. A claimant's RFC represents "the most [they] can still do despite [their] limitations." 20 C.F.R. § 404.1545(a)(1). In determining the RFC, an ALJ must "consider all of the claimant's 'physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [the claimant's] ability to work.'" *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (quoting *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)). Pursuant to SSR 96-8P, an RFC assessment must include an evaluation of a claimant's ability to perform the physical functions set forth at 20 C.F.R. § 404.1545(b), including "sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions" that "may reduce [a claimant's] ability to do . . . work." 20 C.F.R. § 404.1545(b); *see* SSR 96-8P, 1996 WL 374184, at *5 (S.S.A. July 2, 1996).

Only after such an analysis may an ALJ express RFC in terms of the exertional level of work of which the ALJ believes the claimant to be capable. *See Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 387 (4th Cir. 2021); *see also Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (holding that a *per se* rule requiring remand when the ALJ does not perform an explicit function-by-function analysis "is inappropriate given that remand would prove futile in cases where the ALJ does not discuss functions that are 'irrelevant or uncontested.'") (quoting *Cichocki*

*Alonna A. v. Kijakazi*
Civil No. 22-3115-CDA
December 1, 2023
Page 4

*v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013) (per curiam)).  As noted in *Dowling*, "every conclusion reached by an ALJ when evaluating a claimant's RFC must be accompanied by 'a narrative discussion describing [ ] the evidence' that supports it."  *Dowling*, 986 F.3d at 387 (alteration in original) (citation omitted).  Thus, an ALJ must identify evidence that supports their conclusions and build an accurate and logical bridge from that evidence to their conclusions.  *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018).

Here, the ALJ limited Plaintiff to performing light work with several additional restrictions, including limitations to standing and/or walking for about six hours in an eight-hour workday and to sitting for about six hours in an eight-hour workday.  Tr. 22.  In assessing Plaintiff's RFC, the ALJ assigned persuasive value to the opinion of Dr. Sendak, who evaluated Plaintiff in December 2020.  Tr. 28, 80.  Dr. Sendak opined that Plaintiff could perform "a reduced range of light exertional activity, with restrictions on pushing and pulling, postural restrictions, and environmental restrictions."  Tr. 28*.*  The ALJ found Dr. Sendak's opinion only "somewhat persuasive," as the ALJ determined that additional restrictions on reaching and exposure to hazards were warranted.  *Id.*  Accordingly, the ALJ assessed an RFC that contained additional restrictions and reflected Dr. Sendak's views that: (1) Plaintiff can stand, walk, and sit for a total of six hours in an eight-hour workday; (2) Plaintiff can occasionally lift and carry twenty pounds; and (3) Plaintiff can frequently lift and carry ten pounds.  Tr. 22, 77–78.

The ALJ also assigned weight to the opinion of Dr. Rudin in assessing Plaintiff's RFC.  Tr. 28.  With respect to this opinion, however, the Court's review is frustrated by unresolved contradictions between the RFC and Dr. Rudin's opined limitations.  Dr. Rudin evaluated Plaintiff in May 2021, conducted a function-by-function assessment, and opined that "[i]n view of [Plaintiff's] chronic pain" from CRPS and chronic pain disorder, and "despite extensive treatment, . . . the prior light physical level RFC is reduced to the above sedentary level RFC with standing/walking limited to 2 hours."  Tr. 89–91.  While the ALJ assigned persuasive value to Dr. Rudin's opinion, the ALJ incorrectly observed that Dr. Rudin limited Plaintiff to "a range of light exertion" and assessed the RFC accordingly.  Tr. 22, 28.  Although the ALJ found Dr. Rudin's opinion "consistent with the physical examination findings in the record" and "supported by the evidence referenced by Dr. Rudin in his analysis," Tr. 28, the ALJ provided no explanation for the RFC's departure from Dr. Rudin's opined walking and standing limitations or its departure from Dr. Rudin's more general limitation of Plaintiff to sedentary work.

The ALJ further erred by failing to resolve contradictions between the RFC and the limitations set forth in July 2021 by Dr. Sagawa, who opined that Plaintiff was limited to standing, walking, lifting, carrying, sitting, pushing, and pulling at a sedentary level.  Tr. 93–94.  Despite finding Dr. Sagawa's opinion persuasive, the ALJ limited Plaintiff to light work and failed to resolve the discrepancy between this conclusion and Dr. Sagawa's opined limitations.  Tr. 22.

SSR 96-8P explains that "[t]he RFC assessment must always consider and address medical source opinions.  If the RFC assessment conflicts with an opinion from a medical source, the [ALJ] must explain why the opinion was not adopted."  SSR 96-8P, 1996 WL 374184, at *7 (S.S.A. July 2, 1996).  Here, Drs. Rudin and Sagawa opined, among other things, that Plaintiff could only stand and walk for two hours in an eight-hour workday and was limited to sedentary work.  Tr. 89–91,

93–94. While the ALJ apparently found both opinions persuasive, the ALJ did not explain why the limitations opined by these sources were not fully incorporated into the RFC. This discrepancy deprives the ALJ's decision of the requisite "logical bridge" between the evidence and the RFC that would allow this Court to trace the ALJ's reasoning. *Woods*, 888 F.3d at 694.

To the extent that the ALJ may have found the limitations opined by Dr. Sendak to be more persuasive than those suggested by Drs. Rudin and Sagawa, the ALJ was required to "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." SSR 96-8P, 1996 WL 374184, at *7. The ALJ's failure to do so further "frustrate[s] meaningful review" of the ALJ's decision and necessitates remand for additional explanation. *Mascio*, 780 F.3d at 636.

Had the ALJ properly addressed these issues in assessing the RFC, they may have determined that Plaintiff possessed greater physical limitations. Because such a determination would affect the RFC and, in turn, the ALJ's ultimate disability determination, remand is required. In remanding for further analysis, the Court expresses no opinion as to whether the ALJ's ultimate conclusion that Plaintiff is not entitled to benefits is correct.[2]

## V.   CONCLUSION

For the reasons set forth herein, the SSA's judgment is REVERSED due to inadequate analysis pursuant to sentence four of 42 U.S.C. § 405(g). The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge

---

[2] As the Court remands this case on other grounds, the Court need not address Plaintiff's remaining arguments. The ALJ is welcome to consider those arguments and to adjust the decision as necessary.